Judge Gkaham
delivered the opinion of the Court.
This is an action of debt instituted on a note (executed by defendant) which reads as follows; “I promise to pay Arabia Brown one hundred and fifty dollars without interest, to-wit, fifty dollars within ten days, and the balance in two annual instalments. Given under my hand this 10th day of March, 1843.” The obligee having died, this suit was, in 1849, brought by the administrator of his estate.
The declaration is in the debit and detinet, and “ of a plea that the defendant render to the plaintiff $150.”
The Circuit Court sustained a demurrer to the decíaration, and dismissed the suit for want of jurisdiction, The plaintiff does not make profert of his letters of administration. That a declaration in debt in action by adminis trator should be in the detinet only and not in debet et detinet, and that profert should be made of letters of administration, are technical objections which, however fatal formerly, are now not available (3 Monroe, 224; 5 Ib., 390.)
The main question is whether the Circuit Court had *248 jurisdiction of the cause of action. The note is dated in 1843, and the suit commenced in 1849. It is not an obligation to pay several sums on several days, but it is an obligation for a debt payable by instalments. All the instalments are due. The action of debt is, there-' fore sustainable for the entire sum: (Burn on Actions at Law, 351; Harlstone on Bonds, 123.) There would not, as contended in argument, be three separate judgments for fifty dollars each, but the judgment should be for the entire sum; and if the debt bear interest, then that interest go on so much from such a date, and so much from another date, &c.
Debt may be maintained in the Circuit Court upon an obligation to pay a sum of money by instalments, all the instalments beingdue, though some of the instalments be less than $>50. {Burn on actions at Law, 351; Karlton on bonds 123.)
Harrison for plaintiff; Burton Dunlap for defendant.
The fact that the note is credited by $100 paid in 1848, it seems to us does not reduce the amount then due to fifty dollars. It is difficult to imagine why the contracting parties should have inserted the wrords “without interest,” when, as a matter of law, ■ the debt would not bear interest until the day of payment had arrived; but whether they had any reason or motive for the insertion of that clause, does not appear. The law gives interest from the day of payment, unless there be a stipulation to the contrary. We suppose that the expression used in this instrument cannot have that effect! It is at most but an agreement that fifty dollars, without interest, is to be paid ten days after-date, and fifty dollars, without interest, at each of the subsequent periods of payment; but after such days of payment transpire,, there is nothing in the writing to prevent the usual operation of law, which gives interest upon the sum due. It seems to us that the Court had jurisdiction of the cause of action, and that the demurrer to the declaration ought not to have been sustained.
The judgment of the Circuit Court is, therefore, reversed, and cause remanded wfith directions to set aside the judgment and overrule the demurrer, and for other proceedings not inconsistent with this opinion.